# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN C. MEARS and JUANITA E. MEARS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-4123-JAR |
| | ) | |
| QUEST CHEROKEE, L.L.C., | ) | |
| | ) | |
| Defendants | ) | |

## AGREED PROTECTIVE ORDER

On stipulation of the parties to this action, and it appearing to the Court that:

A.      The parties are engaged in discovery in this case that may involve the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of depositions;

B.      In the course of that discovery, trade secrets or other confidential research, development, or commercial information, including but not limited to confidential geological, geophysical, hydrocarbon reserve, and financial information, may be produced by the parties or other persons or entities;

C.      The parties desire to permit discovery to proceed without delay occasioned by possible disputes about the confidential nature of the information being produced;

D.      The parties, pursuant to agreement, have applied to the Court for this Protective Order limiting the disclosure and use of any such confidential information and have stipulated hereto;

E.      Fed. R. Civ. P. 26(c)(7) provides for the issuance of protective orders limiting the disclosure and use of trade secrets and other confidential research, development or

commercial information; and

      F.    Good cause exists for the issuance of this Protective Order.

IT IS HEREBY ORDERED that:

      1.    All Confidential Information produced or exchanged in the course of this litigation shall be used by the receiving party solely for the purpose of this litigation.

      2.    "Confidential Information" as used in this order means any type or classification of information that is designated pursuant to this Order as confidential by the supplying party, whether it be a document, part of a document, an object, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or other form of evidence or discovery.

      3.    Information shall be designated as Confidential Information in the following manner:

      (a)    documents that are produced for inspection shall be marked on the initial page "Confidential."  Alternatively, at the time documents and things are produced for inspection, the producing party may orally indicate the confidential nature of the documents or things, and that they are subject to this Order;

      (b)    all copies of documents that are provided to the opposing party, and all copies which are made by the discovering party, which documents are subject to this Order shall be marked on the initial page "Confidential";

      (c)    all information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, any witness, or

independent experts retained by a party for purposes of this litigation and orally designated on the record as confidential shall be treated as Confidential Information and subject to the provisions of this Order.  All depositions shall be treated in their entirety as Confidential Information for a period of seven (7) business days after receipt of the transcript. During said seven (7) business day period, counsel for any party or for a witness may designate in writing portions of the deposition as Confidential Information by listing the page and lines of those portions so considered and advising all counsel of record of that designation. Thereafter, all information designated as Confidential Information either orally during the deposition or during said seven (7) business day period shall be treated as Confidential Information;

(d)   in the case of responses to interrogatories or other discovery requests, affidavits, briefs, memoranda or other papers filed with the Court, information contained in such responses may be designated as Confidential Information by prominently marking such paper "Confidential" or the like;

(e)   tangible objects that are provided to the opposing party shall be designated as Confidential Information by affixing to the object or its container a label or tag marked "Confidential" or the like; and

4.   Documents and things designated "Confidential" or the like, copies of such documents and things, the information contained in such documents and things, and any analysis

or report pertaining to such documents and things, shall only be disclosed to, inspected by or made available to:

    (a)    The individual parties and as to corporate parties the officers and employees who are involved in the litigation;

    (b)    lawyers and clerical personnel of outside counsel to the parties to this litigation;

    (c)    in-house lawyers employed by a party to this litigation and their clerical assistants, provided that:

        (i)    written notice shall be given to the supplying party of the identity of the in-house lawyer or lawyers of the receiving party to whom Confidential Information is to be disclosed or made available;

        (ii)    no in-house lawyer of a receiving party shall keep or maintain files or copies of documents or things designated by the supplying party "Confidential Under Protective Order" or the like.  However, outside counsel may send copies of selected documents which have been designated "Confidential Under Protective Order" to the in-house lawyer for review by the in-house lawyer.  Such documents must be returned to outside counsel within thirty (30) days of their receipt by the in-house lawyer; and

    (d)    confidential information may be disclosed by counsel to no more than

two (2) other persons not employed by a party who have been retained

by a party or its attorneys of record in this litigation for the purpose of

assisting in discovery or in the preparation of this litigation for trial, or

assisting at trial, such as independent technical experts, consultants,

witnesses or prospective witnesses, who, prior to such disclosure, have

signed a document in the form of Appendix A, which is attached to this

Order.  Such signed documents shall be filed with the Clerk of this

Court by the party retaining such person within thirty (30) days

following disclosure of Confidential Information to such person.

5.     In the event that a deposition transcript is filed with the Court, documents and

things (whether or not designated as Confidential Information pursuant to Paragraph 3 marked

as exhibits during depositions shall not be filed with the deposition transcript, but shall be

retained by the party marking the document or thing, with copies and reasonable opportunity to

inspect being made available to the other party.

6.     Any in-house lawyer qualifying under Paragraph 4(b) of this Order may attend

any and all depositions taken in this action, and may remain present during testimony concerning

documents or things designated as "Confidential Under Protective Order" or the like.

7.     Nothing shall prevent disclosure beyond the terms of this Order if the party

designating the information as Confidential Information consents in writing to such disclosure, or

if the Court, after notice to all affected parties, orders such disclosure.

8.     In designating information as confidential, the supplying party will make such

designation only as to that information that it in good faith believes to be confidential.  A party

shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge made to such confidentiality designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of any information as confidential, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.  The parties may by stipulation provide for exceptions to this Order, and any party may seek an order of this Court modifying this Protective Order.  The present Order shall be without prejudice to either party to bring before the court at any time the question of whether any particular information is or is not in fact confidential information; on such hearing the party asserting Confidential Information shall have the burden of establishing such fact.  Nothing shall be regarded as Confidential Information if it is information that:

       (a)      is in the public domain at the time of disclosure as evidenced by a written document;

       (b)      becomes part of the public domain, through no fault of the other party, as evidenced by a written document; or

       (c)      the receiving party can show by written document that the information was in its possession at the time of disclosure.

      9.      Any party that desires to file documents or information under seal with the Court shall first file a motion with the Court seeking leave to file such documents under seal.  If the motion is granted, any documents or objects that a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other

appropriate sealed container on which shall be endorsed the title and docket number of this

action, an identification of the nature of the contents of the sealed container or envelope, the

words "Confidential Under Protective Order" or the like and a statement substantially in the

following form:  "This envelope containing documents that are filed in this case by

(name of party) is not to be opened nor the contents thereof to be displayed or revealed except

by order or under direction of the Court."

      10.    In the event that a party wishes to use any confidential information that has been

allowed to be filed under seal by the Court in any affidavits, briefs, memoranda of law, or other

papers filed in court in this litigation, such confidential information used in such documents or

papers shall be maintained under seal by the Court.

      11.    Nothing in this Stipulated Protective Order shall prevent a party from using any

document or information that has been designated Confidential or the like at trial, during a

hearing, or the like.  However, if such use is made of such document or information, the portion

of the proceeding where such use is made shall be in camera, and the transcript of that portion

of the proceeding in which such use is made shall be maintained by the Clerk under seal with

access thereto limited to persons entitled to access by this Order.

      12.    Within sixty (60) days after the conclusion of this litigation, all originals and

reproductions of any documents produced by a party subject to a confidential designation shall

be returned to the producing party, or in the case of copies bearing attorneys' notes or the like,

shall be destroyed.  Counsel shall certify in writing that a document designated as Confidential

Information has been destroyed.  Insofar as the provisions of this or any other protective order

entered in this action restrict the communication and use of the documents produced thereunder,

such orders shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on the use of information that is in the public domain or that subsequently becomes part of the public domain or on the use of information known or used by a party prior to the filing of this Litigation and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such protective orders.

13.     Inadvertent disclosure of any Confidential Information without designation as Confidential does not waive or impair the right of the producing party to subsequently designate such information as Confidential Information or of the confidential nature of such material, either as to that specific material or the same or related subject matter.  After notice that such Confidential Information was inadvertently produced, all such material and copies thereof shall be returned to the producing party with two business days after notice from the producing party. Thereafter, such material shall be appropriately designated by the producing party and returned to the party that received such material and those documents and any document internally generated based on such material shall be treated. as Confidential Information in accordance with this Order.

14.     Nothing in this Order shall be construed as an agreement or admission that (a) any information, document or the like designated as "Confidential Under Protective Order" by an opposite party is, in fact, confidential or a trade secret; or (b) the document, information, or the like is competent, relevant or material. Furthermore, neither the entry into this Order nor the designation of any information, document or the like as Confidential Information nor the failure to make such designation shall constitute evidence with respect to any issue in this litigation.

IT IS SO ORDERED.

Dated this 13th day of March, 2006, at Topeka, Kansas.

s/K. Gary Sebelius _____
K. Gary Sebelius
U.S. Magistrate Judge

SUBMITTED:

 s/ R. Kent Pringle _____
R. Kent Pringle
R. KENT PRINGLE, P.A.
702 East Main, Suite B
Chanute, Kansas  66720-0742
*Attorneys for Plaintiffs*

 s/ Phillip R. Anderson _____
David E. Bengtson        (#12184)
Phillip R. Anderson      (#18535)
STINSON MORRISON HECKER
LLP
150 North Main, Suite 600
Wichita, Kansas  67202
*Attorneys for Defendant*

# APPENDIX A
# TO
# PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN C. MEARS and JUANITA E. MEARS,    )
                                             )
                    Plaintiffs,    )
                                             )
v.                                            )     Case No. 05-4123-JAR
                                           )
QUEST CHEROKEE, L.L.C.,           )
                                         )
                           Defendant.   )

### AFFIDAVIT

STATE OF _____   )
                                )  ss:
COUNTY OF _____   )

I, _____, being duly sworn, state under oath as follows:

1.     I hereby acknowledge that I have read the Protective Order in the above referenced matter, which is attached as an exhibit to this affidavit.

2.     1 further acknowledge that I understand the contents of the Protective Order and further understand the contents of this affidavit.

3.     I further acknowledge that in consideration of my execution of this affidavit I will have or will be given access to documents, testimony, or other tangible or intangible things which either do or may contain Protected Information, as that term is defined in the Protective Order.

4.     I further acknowledge and agree that I will be bound at all times by the terms, provisions, and conditions of the Protective Order and will not use or disclose or circulate to anyone, except as provided under the terms of the Protective Order, any Protected Information to which I have or am given access in this case, and I will deal with such Protected Information

strictly in accordance with the procedures outlined in the Protective Order, will not duplicate,

recreate, communicate, or otherwise utilize such Protected Information except as specifically

authorized by the Protective Order, and will take all steps within my power to maintain the

Protected Information in accordance with the Protective Order.

By:

_____

_____

Printed Name:

Subscribed and sworn to before me this _____ day of _____, 2006.

_____

Notary Public

My Appointment expires: